UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO P. SILVA,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. EDCV 13-0541-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 25, 2013, Antonio P. Silva ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on July 15, 2013. On October 21, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 56-year-old male who applied for Social Security Disability Insurance benefits on August 3, 2009. (AR 24.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of June 24, 2008 through his date last insured of March 31, 2011. (AR 26.)

Plaintiff's claim was denied initially on November 5, 2009. (AR 24.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jesse J. Pease on June 23, 2011, in San Bernardino, California. (AR 24) Claimant appeared and testified at the hearing and was represented by counsel. (AR 24.) Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 24.)

The ALJ issued an unfavorable decision on July 8, 2011. (AR 24-29.) The Appeals Council denied review on November 29, 2012. (AR 6-8.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's finding that Antonio Silva can perform his past relevant work as a truck driver is supported by substantial evidence.
2. Whether the ALJ properly evaluated Dr. Shamlou's long term treating physician opinion.
3. Whether the ALJ articulated sufficient rationale supported by the record to reject Antonio Silva's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of June 24, 2008 through his date last insured of March 31, 2011. (AR 26.) Claimant, however, subsequently requested that his onset date be amended to a closed period of disability from June 24, 2008 to June 1, 2010. (AR 27.)

At step two, the ALJ determined that, through the date last insured, Plaintiff had the following severe impairments: lumbar radiculopathy and back pain secondary to degenerative disc disease of the lumbar spine and obesity (20 C.F.R. § 404.1520(c)). (AR 26.)

At step three, the ALJ determined that, through the date last insured, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

The ALJ then found that, through the date last insured, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Claimant can perform work requiring not greater than occasional postural activities and is able to communicate in English but not fluently. (AR 26-28.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 28.)

At step four, the ALJ found that Plaintiff, through the date last insured, was able to perform past relevant work as a truck driver. (AR 28.) The ALJ found that Plaintiff had acquired work skills which would transfer to light truck driver positions. (AR 28.)

Consequently, the ALJ found Claimant was not disabled within the meaning of the Social Security Act at any time from June 24, 2008, the alleged onset date, through March 31, 2011, the date last insured. (AR 29.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Plaintiff's primary treating physician Dr. Shamlou and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence.

The ALJ's finding that Plaintiff is able to perform the job of light work truck driver is supported by substantial evidence. (AR 28.) The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends the ALJ improperly rejected the opinion of Dr. Shamlou. The Court disagrees.

### A. Relevant Federal Law

In essence, Plaintiff challenges the ALJ's RFC. A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Claimant Antonio Silva has suffered from chronic back pain for many years secondary to degenerative disc disease of the lumbar spine and obesity. (AR 26-28, 33-39.) In a prior decision, he was found disabled from April 30, 2002 to June 16, 2003 because he was limited to less than the full range of sedentary work. (AR 36.) At that time, he experienced significant improvement in his condition such that he began engaging in substantial gainful activity. (AR 36.) Thus, his disability ceased and he was no longer considered disabled. (AR 39.) Dr. Shamlou, his long-time treating physician, reports symptom exacerbation in 2009 (AR 156-160), although Mr. Silva alleges a

disability onset date of June 24, 2008, a discrepancy which is not explained. (AR 26.) Plaintiff returned to work "somewhat successfully," driving 11 hours a day, in June 2010 (JS 23:19-24; AR 243-248), presumably the reason why he sought to amend his onset date to request a closed period of disability ending on June 1, 2010. (AR 27.)

In an April 13, 2009 Re-Evaluation, Dr. Shamlou noted Mr. Silva complained that with driving his truck he was experiencing increasing pain radiating down his right leg. (AR 159.) Dr. Shamlou, however, found Mr. Silva to have a normal gait and was able to walk on his heels and tiptoes. (AR 159.) There was paraspinal tenderness and decreased range of motion of the lumbosacral spine but motor and sensory examination was intact to the lower extremities. (AR 159.) Dr. Shamlou reported that Plaintiff declined injections and medications because they did not help him much before, and he also declined surgery. (AR 160.) Dr. Shamlou stated in addition to previously mentioned work restrictions (issued before Plaintiff's improvement for Social Security purposes), he was adding a work restriction of "no prolonged sitting or driving given the worsening of his current symptomatology." (AR 160.) There was no formal RFC assessment but Dr. Shamlou indicated Mr. Silva remains "permanent and stationary" (AR 160), which are California workers' compensation terms. Under state law, a claimant is disabled if unable to perform his or her prior work. By contrast, a claimant for Social Security benefits is not disabled if he or she can engage in substantial gainful activity or perform alternate work in the national economy, which is obviously a higher burden than proof of disability under state law. Coria v. Heckler, 750 F.2d 245, 247 (C.A.N.J. 1984). The ALJ need not be concerned with a physician's conclusions as to disability for workers' compensation purposes, but cannot disregard a physician's findings (Coria, 750 F.2d at 247-248), and may draw inferences from the evidence. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); see generally Booth v. Barnhart, 181 F. Supp. 2d 1099 (C.D. Cal. 2002). Thus, the permanent and stationary conclusions are not of concern here but Dr. Shamlou's new work restriction of "no prolonged sitting or

driving" is. Curiously, the ALJ made no explicit mention of this particular assessment. (AR 28.)

On August 3, 2009, Dr. Shamlou issued an updated Re-Evaluation, this time noting an antalgic right side gait, positive straight leg raising and discogenic back pain with right lower extremity radiculopathy. (AR 157.) Plaintiff also was using a cane for balance. (AR 157.) Dr. Shamlou prescribed a short course of physiotherapy two times a week for six weeks. (AR 157.) There also is a July 20, 2009 Medical Condition Report imposing lifting limitations but Dr. Shamlou marked that Mr. Silva was able to perform without restriction twisting, gripping and grasping and can safely drive during day and night. (AR 153.)

The ALJ implicitly rejected Dr. Shamlou's assessments that are inconsistent with other, subsequent orthopedic evaluations. As the ALJ noted, an October 13, 2009 orthopedic evaluation by Dr. John Simmonds found Plaintiff capable of medium work with no more than occasional postural limitations. (AR 27, 162-166.) Reviewing the MRI findings and noting that Plaintiff was ambulating unassisted, Dr. Simmonds reported Plaintiff had normal gait and was able to rise on toes and heels without difficulty. (AR 164.) There was no tenderness in the cervical spine, negative straight leg raising, range of motion in spine and joints was normal and neurological motor/sensation examinations were normal. (AR 164-165.) Dr. Simmonds diagnosed degenerative disc disease of the lumbosacral spine. (AR 165.) Dr. Simmonds' objective findings were that Claimant had "a painful and restrictive range of motion of the lower back with palpable tenderness along the paravertebral muscular groups," but no spasm and negative straight leg examination and negative sciatic nerve stretch test. (AR 165.) State reviewing physician Dr. A. Wong also provided a medium work RFC with occasional postural limitations. (AR 27-28, 174-180.)

On February 25, 2010, after reviewing X-rays and radiographs, orthopedist Dr. G. Sunny Uppal diagnosed lumbar radiculitis and discogenic back pain. (AR 28, 210-216.) Dr. Uppal, however, reported that Claimant denied any joint pain, arthritic change,

muscle atrophy, pain or weakness. (AR 212.) Dr. Uppal also found that Plaintiff had normal balance, no gross muscle weakness and no gross deficits except for those noted in the extremity evaluation, findings repeated in subsequent visits. (AR 214, 219, 221, 224, 227.) There was decreased range of motion of the lumbar spine, positive straight leg raising and decreased sensation. (AR 214.) As with Dr. Shamlou, Dr. Uppal found that Mr. Silva remains permanent and stationary for state disability purposes. (AR 215.) On December 21, 2010, Dr. Uppal reported some relief through chiropractic treatment. (AR 220.)

These subsequent orthopedic evaluations plainly are inconsistent with Dr. Shamlou's "no prolonged sitting or driving restriction." Dr. Simmonds for example, found Plaintiff could sit comfortably, move about freely, and assume a supine position and get on and off the examination table without difficulty. (AR 164.) There are other significant inconsistencies between Dr. Shamlou's findings and the later evaluations, in particular the two medium RFCs proffered by Dr. Simmonds and Dr. Wong. Gait and straight leg raising findings appear to be variable. The ALJ noted conservative medical management by Dr. Shamlou, including physiotherapy, injections and medication. (AR 28.) The ALJ also observed that Dr. Uppal, despite a diagnosis of lumbar radiculitis and back pain, stated that "the claimant exhibited normal balance, no gross muscle weakness or deficits and denied any joint pain, arthritic changes, muscle atrophy or weakness." (AR 28.)

With this mixed record of medical findings, it is the ALJ who has the responsibility for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Shamlou's work-preclusive opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED CLAIMANT'S SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff contends the ALJ's finding that Plaintiff's symptoms are not credible to the extent they are inconsistent with the RFC is not supported by substantial evidence. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairments could be expected to cause his alleged symptoms. (AR 28.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the

extent inconsistent with the ALJ's assessed RFC. (AR 28.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ relied on the medical evidence discussed above in support of the RFC. (AR 28.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms in support of a more restrictive RFC so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997). Here, the Court already found that the ALJ properly considered the medical evidence and assessed a light work RFC that would not preclude all work.

Conservative treatment is also a valid basis for discounting a claimant's subject symptom testimony. Parra, 481 F.3d at 750-51. Here, the ALJ found that Plaintiff was treated conservatively with epidermal injections and physiotherapy in 2002. (AR 27.) Plaintiff declined to resume those treatments in 2009 because they failed to abate his symptomology. (AR 28.) He also declined surgery. (AR 28.) Plaintiff, however, notes he returned to work in June, 2010 after shots and injections. (JS 23:19-23, AR 243-248.) Dr. Uppal reported that Plaintiff obtained some relief through chiropractic treatment. (AR 220.) Thus, Plaintiff appears to be amenable to conservative treatment and is now working. (AR 248.) Warre v. Comm's Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication [treatment] are not disabling for the purpose of determining eligibility for Social Security benefits"). Similarly, a claimant's failure to follow a prescribed course of treatment can be a valid basis for discounting credibility. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

There were inconsistent statements by Plaintiff which also can be a valid basis for discontinuing credibility. Light, 119 F.3d at 792. Here, the ALJ noted that Plaintiff denied to Dr. Uppal any joint pain, arthritic changes, muscle atrophy or weakness. (AR

28, 212, 231.) These statements obviously conflict with Plaintiff's allegations of disabling pain.

The ALJ further found that Plaintiff's alleged subjective symptoms were inconsistent with his daily activities. (AR 28.) Specifically, the ALJ observed that Plaintiff takes his daughter to school and picks her up, goes to the grocery store, goes for recreational walks, prepares meals, drives and attends church. (AR 28.) Plaintiff contends that these activities are not sufficient evidence that he can work but even so they suggest the alleged severity of Plaintiff's limitations was exaggerated. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ properly discounted Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence. The ALJ's finding that there was no 12 month period in which Plaintiff could work, including June 24, 2008 to June 1, 2010, is supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ'S FINDING PLAINTIFF CAN PERFORM LIGHT TRUCK DRIVER JOBS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found that Claimant was capable of performing past relevant work ("PRW") as a truck driver. (AR 28.) The ALJ cited the testimony of VE expert Corinne Porter who stated that Claimant had acquired work skills which would transfer to light truck driver positions which Claimant is able to perform as generally performed. (AR 28-29.)

Plaintiff challenges the ALJ's step four PRW finding because the VE testified that someone with a light work RFC with occasional posturals and the ability to speak English but not fluently would be unable to perform Claimant's past work as a truck driver. (AR 254-255.) The VE testified that Plaintiff's past work fell into the category of Tractor-Trailer-Truck Driver set forth in 904.383-010 of the Dictionary of Occupational Titles ("DOT"). (AR 254.) DOT 904.383-010 classifies this job category as medium work which Claimant's light work RFC would preclude.

Nonetheless, the VE testified that, although there is not a DOT category for it, there are a large number of light truck driver jobs, 5400 to 7800 regionally, data she got from a publication called Employment Statistics Quarterly. (AR 255.) She further testified that Claimant's skills from the medium truck driver position would transfer to the light truck driver jobs, specifically driving, log book maintenance and visual aspects of reading signs and getting to the proper location. (AR 255-256.) Plaintiff does not address the VE's testimony that Claimant can perform light truck driver jobs.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). In order to accept vocational expert testimony that contradicts DOT, "the record must contain 'persuasive evidence' to support the deviation." Pinto, 249 F.3d at 846. The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DOT. Id. at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides support to justify any conflicts with or variation from DOT. Massachi, 486 F.3d at 1154 n.19.

Here, the ALJ specifically requested the VE to indicate whether her testimony differed from the DOT. (AR 253.) The VE plainly indicated she was relying on a source of information other than DOT, which she identified to support her variation from DOT. (AR 255.) A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. No additional foundation is required. Id. The ALJ reasonably relied on the VE's testimony regarding light truck driver positions. (AR 28.)

The Commissioner posits that the ALJ mislabeled his step four finding that should have been treated as a step five finding regarding alternate work in the national economy. The Court is not so sure. The ALJ perhaps was varying from or eroding DOT 904.383-010 to only those truck driver jobs that were light work jobs, i.e., even though Plaintiff could not perform the medium truck driver position as he had specifically performed it in the past, there are light work truck driver positions he is able to perform

14

as generally performed. Alternatively, the Commissioner may be correct that the ALJ simply mislabeled what was in truth a step five finding that the light work truck driver jobs are alternative work in the national and regional economy. Under either interpretation, however, Plaintiff would not be disabled and thus any error or mislabeling would be harmless. Carmickle v. Comm'r of Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff did not meet his burden to prove that he could not perform his past relevant work as generally performed (i.e., light truck driver jobs) or in any event the Commissioner carried her burden at step five to establish there were alternate jobs in the national and regional economy that Plaintiff can perform. Plaintiff claims that any fifth step ruling would be a denial of benefits on a ground not invoked. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"). Here, though, the ALJ's finding of "not disabled" is grounded in Claimant's RFC and in the VE's testimony, and supported by substantial evidence. The ALJ's reasons for his "not disabled" conclusion are plainly set forth. As already observed, any error was harmless.

Plaintiff also takes issue with the ALJ's finding that Plaintiff is "able to communicate in English but not fluently." (AR 26.) Plaintiff contends he is unable to speak English and is essentially illiterate. The ALJ's finding, however, is supported by substantial evidence. The ALJ made inquiry at the hearing and Plaintiff testified he could read and write a little in English (AR 254), and has spent time practicing English. (AR 28.) Plaintiff's contention also is belied by his years of successful work as a truck driver, including his current work as a truck driver which he disclosed at the hearing. (AR 248.)

The ALJ's finding that Plaintiff can perform light work truck driver jobs is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of harmful legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 30, 2013

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE